## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO:  8:06-384-T-24TGW

EDUARDO SEGUNDO JIMENEZ-RAMOS

_____/

## O R D E R

**THIS CAUSE** comes before this Court on Defendant's Motion for Reconsideration (Dkt. 145) of the Court's Order denying Defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on USSG Amendment 782, a retroactive guideline amendment.  S*ee* USSG § 1B1.10(d) (2014).  The Court denied Defendant's motion and found that Defendant did not qualify for a sentence reduction because Amendment 782 did not have the effect of lowering Defendant's base offense level of 38.  (Dkt. 140).

There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice.  *Sussman v. Salem, Saxon & Nielsen, P.A.,* 153 F.R.D. 689, 694 (M.D. Fla. 1994) (citations omitted).  Reconsideration, or rehearing, is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  *Int'l Union of Painters v. Argyros,* No. 05–1661, 2007 WL 1577840, at *1 (M.D. Fla. May 31, 2007) (citations and quotations omitted).

Defendant has not shown that any of the three major grounds justifying reconsideration apply in this case.  As such, relief is not warranted, and Defendant's motion must be denied.

Accordingly, it is **ORDERED AND ADJUDGED** that Petitioner's motion for reconsideration (Dkt. 145) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 3rd day of September, 2015.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Petitioner